IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JOHN W. LINDSEY,

    Defendant.

Case No. 94-cr-30064-SMY

**ORDER**

This matter comes before the Court on counsel Todd M. Schultz's motion for leave to withdraw (Doc. 463) as counsel for Defendant John W. Lindsey and Defendant John W. Lindsey's Motions to Reduce Sentence (Docs. 460, 465, and 468).

On December 16, 1997, Defendant was sentenced as to counts 1(Conspiracy to Distribute Marijuana), 21 (Possession of a Firearm by a Felon) and 22 (Criminal Forfeiture) of the indictment to a term of 360 months in the custody of the Bureau of Prisons. (Doc. 405). Defendant was sentenced as a career offender under U.S.S.G. 4B1.1. Defendant now brings a motion to reduce sentence pursuant to Amendment 591 of the United States Sentencing Guidelines arguing the 4B1.1 was not a statutory indexed offense of his conviction.

Todd M. Schultz entered his appearance on behalf of the Defendant, and on April 1, 2015, Counsel filed a Motion to Withdraw as Attorney, citing to the fact that Defendant's Motion is not meritorious. (Doc. 463).

Amendment 591, which became effective on November 1, 2000, retroactively requires that the sentencing court's selection of the offense guideline under Chapter 2 be based on the offense of conviction, not on judicial findings of uncharged conduct. See U.S.S.G. app. C, vol.

II, amend. 591 (2003); *United States v. Kosmel*, 272 F.3d 501, 507 (7th Cir.2001); *United States v. Moreno*, 421 F.3d 1217, 1219–20 (11th Cir.2005); *United States v. Rivera*, 293 F.3d 584, 585 (2d Cir.2002). Generally, a district court has no power to modify a sentence once it has been imposed. 18 U.S.C. § 3582(c); *United States v. Smith*, 438 F.3d 796, 799 (7th Cir. 2006). However, Congress created a limited exception that allows a district court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). District courts only possess this authority when two conditions have been met. First, an amendment to the Sentencing Guidelines must specifically be listed as having retroactive effect; and second, the amendment must lower the defendant's guideline range. *United States v. Jackson*, 573 F.3d 398, 399 (7th Cir. 2009) All other cases are outside the congressional grant of authority to district courts to modify sentences that have already been imposed. *Id*.

While Defendant argues that he is eligible for relief under Amendment 591, the Court finds that the language of the Amendment clearly does not apply to those sentenced as career offenders. Therefore, Defendant's guideline range remains unchanged, and he is ineligible for a sentence reduction under the Amendment. Furthermore, the Court lacks jurisdiction to grant any such relief. *United States v. Forman*, 553 F.3d 585, 588-590 (7th Cir. 2009). As there is no non-frivolous basis for seeking relief, Counsel's Motion to Withdraw (Doc. 463) is GRANTED, Defendant's Pro Se Motions for Reduction of Sentence (Docs. 460, 465, 468) are DENIED, and Defendant's Motion for Emergency Expedition Hearing (Doc. 464) is DENIED as moot.

**IT IS SO ORDERED.**
**DATED:** May 18, 2015

                                                       s/ Staci M. Yandle
                                           **STACI M. YANDLE. DISTRICT JUDGE**